UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **LISA WILSON,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 4:17cv60 SNLJ** |
| ) | |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM and ORDER

Plaintiff, formerly employed as a United States Probation Officer in this District, filed this matter against Equifax Information Services, LLC ("Equifax"), other employees of the Probation Office for the Eastern District of Arkansas, the Director of the Administrative Office of the United States Courts, and the Chief Judge for the Eastern District of Arkansas. Plaintiff claims that the defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FRCA") in connection with defendant Equifax's providing her employer with a copy of plaintiff's credit report. Defendant Equifax has moved to dismiss. Plaintiff has responded. Although no reply memorandum has been filed, the time for doing so has passed, and the matter is ripe for disposition.

**I.     Factual Background**

According to the complaint, plaintiff was on maternity leave from her job with the United States Probation Office from December 31, 2013 to March 2014. In May 2014, the administrative manager for the Probation Office contacted plaintiff by email and

requested that she sign a written acknowledgement of the "2012 Local Code of Conduct Policy." Plaintiff did so. Shortly afterwards, also in May 2014, plaintiff discovered that defendant Equifax had provided a credit report regarding plaintiff to individuals in the Probation Office. Plaintiff was issued a Letter of Reprimand by her employer because the credit report showed she had filed for bankruptcy. The credit report reflected that it had been accessed on February 22, 2014 by another member of the Probation Office.

Plaintiff submitted a rebuttal to the Letter of Reprimand, stating, *inter alia*, that she had not withheld financial information from the Probation Office. Plaintiff says she suffered a "campaign of harassment and retaliation," involving "privacy violations, the lodging of false allegations, a negative performance rating, and a loss in with-in-grade increase" as a result. (#1 at ¶ 21.) Ultimately, plaintiff alleges that she "elected to voluntary separate via a Settlement Agreement (constructive discharge) for the preservation of her multi-year federal career." (*Id.* at ¶ 25.)

Plaintiff claims that "defendants have willfully violated the FCRA by procuring the plaintiff[']s consumer report and failing to obtain consent, provide a timely copy of the report, and a summary of her FCRA rights before taking adverse action" (*id.* at ¶ 7; *see also id.* at ¶ 8.) Further, plaintiff states "defendants knew or should have known that their actions violated the FCRA. Additionally, defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws." (*Id.* at ¶ 26.) Finally, plaintiff states that when "a [consumer reporting agency such as Equifax] furnishes public record information in reports 'for employment

2

purposes,' it must provide notice to the consumer or maintain strict procedures for keeping the information up to date." (*Id.* at ¶ 6.)

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Defendant Equifax contends that plaintiff's complaint fails to state a claim upon which relief can be granted and that it is further barred by the statute of limitations.

### A. Failure to state a claim under the FCRA

Plaintiff makes very few specific allegations about Equifax. She states that her employer obtained a credit report from Equifax on February 22, 2014 and that the

information contained in the report was used to cause plaintiff professional harm.  She further states that when "a [consumer reporting agency such as Equifax] furnishes public record information in reports 'for employment purposes,' it must provide notice to the consumer or maintain strict procedures for keeping the information up to date." (*Id.* at ¶ 6.)  Plaintiff says she was not provided with notice.  She alleges generally that "Defendants have willfully violated the FCRA by procuring the plaintiff[']s consumer report and failing to obtain consent, provide a timely copy of the report, and a summary of her FCRA rights before taking adverse action" (*id.* at ¶ 7)  and "defendants failed to provide the plaintiff with a timely copy of the consumer report it procured together with a description of her rights under FCRA before taking adverse employment action, where the adverse action was based in whole or in part on the consumer report." (*Id.* at ¶ 8.)

     Because Equifax *issued* the credit report --- it did not procure it --- it is unclear whether these allegations are intended to pertain to Equifax.  However, construing the allegations most favorably to plaintiff, it appears that plaintiff claims Equifax violated FCRA by issuing a consumer report to the Probation Office without obtaining plaintiff's consent, without notifying plaintiff, and without providing plaintiff with a copy of the report it issued.

     The FCRA imposes requirements on the use of consumer reports for employment purposes.

> A consumer reporting agency may furnish a consumer report for employment purposes only if – the person who obtains such report from the agency …certifies to the agency that…(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured…that a consumer report may be obtained for

>employment purposes; and (ii) the consumer has authorized in writing …the procurement of the report by that person.

15 U.S.C. § 1681b(b)(1)(A), (2)(A).  The consumer reporting agency must also provide "with the report…a summary of the consumer's rights under this subchapter…." *Id.* at § 1681b(b)(1)(B).

Equifax notes that the only requirement incumbent upon Equifax, as the consumer reporting agency, is to obtain a certification from the "person" procuring the report that the person will comply with the statutory requirements.  Although Equifax was required to obtain such a certification from the Probation Office, there is no allegation that Equifax failed to do so.

The FCRA requires that a "person" who procures a consumer report provide the consumer with a copy of the report and a description of the consumer's rights, if the person intends to take "any adverse action based…on the report." *Id.* at § 1681b(b)(3)(A).  Again, that requirement is incumbent upon the "person" and not the consumer reporting agency.  Rather, the agency must obtain certification that the person procuring the report "will comply" with those requirements "if [they] become[] applicable." *Id.* § 1681b(b)(1)(A)(i).  Again, plaintiff has not alleged that Equifax did not so-obtain such a certification.

Plaintiff, who is *pro se*, suggests in her response memorandum that Equifax has an "unspecified legal obligation to instill Best Practices with regards to its products sold to all entities, even the Federal Government" (#14 at 6); however, it is unclear what she means by this, and regardless, the statute merely requires that the agency obtain

5

certifications.  Further, although plaintiff states in her memorandum that Equifax suffers from "a lack of internal controls, gross negligence, and perhaps inadequate contractual negotiations," (*id.*) those allegations are not present in her complaint.  In any event, such allegations would still fail to state a claim under the FCRA's certification requirement.

Plaintiff also generically refers to 15 U.S.C. § 1681k, which applies when a consumer reporting agency "furnishes a consumer report for employment purposes" that includes public record information.  This section requires an agency to either notify the consumer "of the fact public record information is being reported by the consumer reporting agency" and to whom, or "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date."  15 U.S.C. § 1681k(a)(1), (2).  Even if plaintiff's allegations were sufficient to show that plaintiff did not receive notice under that statute, plaintiff offers no factual support to support any claim that defendant failed to "maintain strict procedures…."  Indeed, plaintiff does not even allege that the credit report was inaccurate --- that it was not "complete and up to date."

Accepting plaintiff's allegations as true and drawing all reasonable inferences in her favor, plaintiff's factual allegations do not allow the Court to draw any inference that defendant Equifax is liable for violations of the FCRA.  *See Cole*, 599 F.3d at 861.  Plaintiff's complaint fails to state a claim against Equifax and will be dismissed.

### B. Statute of Limitations

Because the Court holds that plaintiff's complaint fails to state a claim against Equifax, the Court need not address Equifax's argument that the complaint is barred by the statute of limitations.

## IV. Conclusion

Defendant Equifax's motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#12) is **GRANTED**.

Dated this  3rd  day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE