UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LISA WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17cv60 SNLJ |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Plaintiff, formerly employed as a United States Probation Officer in this District, filed this matter *pro se* against the following federal defendants in their official capacities: James Duff, Director of the Administrative Office of the Courts; Judge Brian Miller, United States District Court Judge for the Eastern District of Arkansas; Chief U.S. Probation Officer G. Edward Towe; Deputy Chief U.S. Probation Officer Rebecca Howell; Hallie Yates, Administrative Manager for U.S. Probation; Leanne Elliott, Probation Services Assistant; and Supervisory Probation Officer Anthony Guerra. Plaintiff claims that the defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FRCA") in connection with defendants procuring a copy of plaintiff's credit report without her consent. Defendants have moved to dismiss. Plaintiff has responded. Defendants did not file a reply, and the time to do so has passed.

### I.  Factual Background

According to the complaint, plaintiff was on maternity leave from her job with the United States Probation Office from December 31, 2013 to March 2014. In May 2014, the administrative manager for the Probation Office contacted plaintiff by email and requested that she sign a written acknowledgement of the "2012 Local Code of Conduct Policy." Plaintiff did so. Shortly afterwards, on May 15, 2014, plaintiff discovered that defendants in the Probation Office had obtained a copy of her credit report from Equifax, LLC.[1] The report showed that plaintiff had filed for bankruptcy. On May 27, 2017, the Probation Office issued Plaintiff a Letter of Reprimand because plaintiff had not reported the bankruptcy to her employer as required by the Probation Office. The credit report reflected that it had been accessed on February 22, 2014 by another member of the Probation Office.

Plaintiff submitted a rebuttal to the Letter of Reprimand, stating, *inter alia*, that she had not withheld financial information from the Probation Office. In her complaint, Plaintiff says she suffered a "campaign of harassment and retaliation," involving "privacy violations, the lodging of false allegations, a negative performance rating, and a loss in with-in-grade increase" as a result. (#1 at ¶ 21.) Ultimately, plaintiff alleges that she "elected to voluntary separate via a Settlement Agreement (constructive discharge) for the preservation of her multi-year federal career." (*Id.* at ¶ 25.) Plaintiff claims that "defendants have willfully violated the FCRA by procuring the plaintiff['] s consumer

---

[1] Plaintiff named Equifax as a defendant in her complaint, but Equifax has since been dismissed.

report and failing to obtain consent, provide a timely copy of the report, and a summary of her FCRA rights before taking adverse action" (*Id.* at ¶ 7; *see also id.* at ¶ 8.) Further, plaintiff states "defendants knew or should have known that their actions violated the FCRA. Additionally, defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws." (*Id.* at ¶ 26.)

## II.     Legal Standard

Federal Rule of Civil Procedure Rule 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint. Fed. R. Civ. P. 12(b)(1). Generally, Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005). Because this is a facial rather than a factual challenge to jurisdiction, the Court determines whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint, *see Biscanin*, 407 F.3d at 907; *McKenzie v. City of White Hall*, 112 F.3d 313, 316 (8th Cir. 1997), and drawing all reasonable inferences in favor of the plaintiff, *see Biscanin*, *407 F.3d* at 907; *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

### III.   Discussion

The defendants contend that the complaint should be dismissed because this Court lacks subject matter jurisdiction and because plaintiff's complaint is barred by the statute of limitations.

#### A.  Lack of subject matter jurisdiction based on sovereign immunity

The defendants contend that this Court lacks subject matter jurisdiction based upon sovereign immunity.

Plaintiff alleges that she brings this suit against all defendants in their official capacities as employees of the United States District Court for the Eastern District of Arkansas. (#1 at ¶¶ 29-35.)  A lawsuit against a government employee in his or her official capacity suit is treated as a suit against the government entity. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). Sovereign immunity protects the federal government from suit except where Congress has "unequivocally expressed" a waiver of immunity. *United States v. Hall*, 269 F.3d 940, 942 (8th Cir. 2001) (citing *Lane v. Pena*, 518 U.S. 187, 197 (1996)("where a cause of action is authorized against the federal government, the available remedies are not those that are 'appropriate,' but only those for which sovereign immunity has been expressly waived.").

Plaintiff seeks relief under FCRA, 15 U.S.C. § 1681, *et seq.*, against the defendants for their obtaining and use of her credit report. Plaintiff urges the Court to follow Seventh Circuit law that the FCRA definition section waives sovereign immunity. *Bormes v. United States*, 759 F.3d 793 (7th Cir. 2014).

In *Bormes*, the United States Circuit Court of Appeals, held "that § 1681a(b) waives the United States' immunity from damages for violations of the FCRA." *Id*. at 797. The Court stated that FCRA defined "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, *government or governmental subdivision or agency*, or other entity." *Id*.; *see also* 15 U.S.C. § 1681a(b). In 1996 Congress amended § 1681n to authorize damages against all "persons." 759 F.3d at 795. The Court reasoned that,

> The United States concedes that it is a "person" for the purpose of the Act's substantive requirements. It denies only that § 1681n authorizes damages. But if the United States is a "person" under § 1681a(b) for the purpose of duties, how can it *not* be one for the purpose of remedies?"

*Bormes*, however, is not binding on this Court, and the Eighth Circuit Court of Appeals has not yet ruled on this issue. Two district courts within the Eighth Circuit hold that there is no waiver of sovereign immunity under the FCRA, *i.e.*, that the United States and its agencies cannot be sued under the statute. *Stellick v. U.S. Department of Education*, No. 11-CV-0730, 2013 WL 673856 (D. Minn. Feb. 25, 2013); *Gillert v. U.S. Department of Education*, No. 08-6080, 2010 WL 3582945 (W.D. Ark. Sept. 7, 2010). Each of those two courts held that the United States' consent to be sued was not unequivocally expressed. 2013 WL 673856 at *3; 2010 WL 3582945 at *4.

This Court finds *Stellick* and *Gillert* persuasive and in accordance with holdings in several other circuits. *Robinson v. Pennsylvania Higher Education Assistance Agency*, No. GJH-15-0079, 2017 WL 1277429 (D. Md. Apr. 03, 2017); *Daniel v. National Park Service*, No. 16–18–BLG–SPW, 2016 WL 4401369 (D. Mont. Aug. 17, 2016); *Taylor v.*

5

*United States*, No. CV–09–2393–PHX–DGC, 2011 WL 1843286 (D. Ariz. May 16, 2011); *Ralph v. U.S. Air Force MGIB*, No. 06–cv–02211–ZLW–KLM, 2007 WL 3232593 (D. Colo. Oct. 31, 2007).

Because the United States has not consented to being sued under the FCRA, this Court is without subject matter jurisdiction to hear plaintiff's official capacity claims against these federally-employed defendants.

### B.  Statute of Limitations

Even if this Court had subject matter jurisdiction over plaintiff's claim, it is barred by the statute of limitations in FCRA. Under 15 U.S.C. § 1681p, an action to enforce liability under FCRA may be brought not later than the earlier of "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability, or 5 years after the date on which the violation that is the basis for such liability occurs." Plaintiff acknowledges she was aware her credit report was obtained on or about May 15, 2014. (#43 at 8.) The two-year statute of limitations to file a complaint thus expired on May 15, 2016, or, in any event, certainly no later than May 27, 2016, which was two years after she received the Letter of Reprimand. Plaintiff states in her response memorandum that she mailed the complaint[2], that it was initially returned to her due to her failure to check a box on a form, and that she sent it back and was informed that her official filing date was June 28, 2016.  She called to complain, and the "agent" she spoke with amended the date to June 13, 2016.  Regardless of which June filing date applies,

---

[2] Plaintiff does not state what date she mailed her complaint.

6

plaintiff did not file her complaint within the two-year statute of limitations. Plaintiff's claim is barred by the statute of limitations set forth in 15 U.S.C. § 1681p.

### IV. Conclusion

The federal defendants' motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (#40) is **GRANTED**.

Dated this  29th  day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE